IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS D. MANGELSEN, INC., d/b/a IMAGES OF NATURE, a Nebraska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HEARTLAND PAYMENT SYSTEMS, INC., a Delaware Corporation, and BANK OF AMERICA, INC., a Delaware Corporation<br><br>Defendants. | CASE NO. 8:05CV33<br><br><br><br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on a Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(6) filed by Defendant, Bank of America, Inc. ("BOA") (Filing No. 17), based on an alleged failure to state a claim upon which relief can be granted; and a Motion to Dismiss filed by Defendant, Heartland Payment Systems, Inc. ("Heartland") (Filing No. 16), based on the Court's alleged lack of personal jurisdiction over Heartland and improper venue. The issues have been fully briefed.

The Complaint alleges that BOA violated 15 U.S.C. § 1643 by wrongfully charging back credit card transactions that were allegedly authorized by BOA cardholder, Michael Persky. (Filing No. 1, hereafter "Complaint" ¶¶ 9, 21). The Complaint further alleges that Heartland breached a merchant processing agreement between Heartland and Plaintiff, Thomas D. Mangelsen, Inc. ("Mangelsen"), by failing or refusing to reverse chargebacks for the Persky transactions. (Complaint ¶¶ 8, 26).

This matter is before the Court pursuant to 28 U.S.C. § 1331, which grants the Court original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of

the United States, and pursuant to 28 U.S.C. § 1367(a), which grants supplemental jurisdiction to the Court over all claims so related to the claims over which it has original jurisdiction that they form part of the same case or controversy. *Gregoire v. Class,* 236 F.3d 413, 419 (8th Cir. 2000). For the reasons discussed below, the Court finds Mangelsen has failed to state a claim for which relief can be granted against BOA; therefore, BOA's 12(b)(6) Motion to Dismiss will be granted. The Court further finds that Mangelsen's pendent breach-of-contract claim against Heartland should be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[1]

### *Standard*

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true; and must liberally construe the complaint in the light most favorable to the plaintiff. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Young,* 244 F.3d at 627. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Schmedding*, 187 F.3d at 864.

Nevertheless, dismissal under Rule 12(b)(6) serves to cancel actions which contain

---

[1] Because the Court declines to exercise supplemental jurisdiction over Mangelsen's breach of contract claim against Heartland, it is unnecessary for the Court to determine the validity and applicability of the forum selection provision in the Merchant Processing Agreement between Mangelsen and Heartland.

fatal flaws in their legal premises, and thereby spare the parties to the inappropriate action the burden and expense of unnecessary pretrial and trial activities. *Young,* 244 F.3d at 627. Therefore, to avoid dismissal, a complaint must provide allegations sufficient to state a claim as a matter of law and not merely provide legal conclusions. *Id.*

### *Background*

Mangelsen is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska. (Filing No.1, hereafter "Complaint" ¶ 1). Mangelsen sells limited-edition photographs, posters, and prints, and provides custom framing services. (Complaint ¶ 1). Heartland is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Princeton, New Jersey. (*Id.* ¶ 2). Heartland provides bankcard transaction processing services to merchants. (*Id.*). BOA is a corporation organized and existing under the laws of Delaware, with its principal place of business in Charlotte, North Carolina. (*Id.* ¶ 3). BOA issues bankcards to consumers and businesses for credit purchases. (*Id.*).

Mangelsen and Heartland entered into a merchant processing agreement (the "Agreement"), whereby Heartland agreed to provide bankcard transaction processing services to Mangelsen in exchange for a fee. (*Id.* ¶ 8). The Agreement contained a forum selection clause, that granted exclusive jurisdiction for any action arising out of or relating to the Agreement to either the superior court of the state of New Jersey in Bergen County, New Jersey, or the United States District Court for the District of New Jersey. (Filing No. 1, Ex. A, hereafter "Agreement" ¶ 13.13).[2]

---

[2]Paragraph 13.13 of the Agreement reads:
Any suit, action or proceeding (collectively "action") arising out of or relating to this Agreement shall be brought only in the Superior Court of the State of New Jersey in the County of Bergen, New

On September 17, 2004, Michael Persky, a BOA cardholder, visited Mangelsen's gallery in the Denver International Airport. (*Id.* ¶¶ 9,10). Persky indicated he would like to make a purchase from Mangelsen, not exceeding $18,000, which was his BOA credit limit. (*Id.* ¶ 10). The Complaint alleges that three days later, Persky and/or Mike Jones, an allegedly authorized user of Persky's BOA bankcard, placed an $18,000 order over the telephone for Mangelsen's artwork. (*Id.* ¶ 11). This order was placed on Persky's BOA bankcard. (*Id.*). Heartland verified the availability of funds on Persky's BOA bankcard and processed the transaction. (*Id.* ¶ 12). Mangelsen then prepared and shipped the artwork to Persky's place of business in Ventura, California. (*Id.* ¶ 13).

On November 12, 2004, Heartland informed Mangelsen that BOA had charged back the $18,000 Persky transaction as a fraudulent transaction. (*Id.* ¶ 14). Pursuant to the Agreement, Heartland requested that Mangelsen provide Heartland proof of delivery of the artwork in order to reverse the chargebacks. (*Id.*). Mangelsen sent Heartland proof of delivery; however, Heartland failed or refused to reverse the chargebacks. (*Id.* ¶ 16). Similarly, BOA failed or refused to reverse the chargebacks. (*Id.* ¶ 17).

Mangelsen claims BOA wrongfully charged back the $18,000 Persky transaction, in violation of 15 U.S.C. § 1643, which establishes liability limits for unauthorized use of credit cards. (*Id.* ¶¶ 21,22). Mangelsen further alleges that Heartland breached the Agreement with Mangelsen by failing or refusing to reverse the chargebacks. (*Id.* ¶ 26). BOA filed a motion to dismiss under 12(b)(6), claiming Mangelsen failed to state a claim

---

Jersey, or the United States District Court for the District of New Jersey and MERCHANT hereby agrees and consents to the personal and exclusive jurisdiction of said courts over it as to all such actions, and MERCHANT further waives any claim that such action is brought in an improper or inconvenient forum. In any such action, the parties waive trial by jury.
(Agreement ¶ 13.13).

4

for which relief can be granted, claiming the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, ("TILA") affords no rights or remedies to Mangelsen. (Filing No. 17). Heartland filed a motion to dismiss for improper venue and lack of personal jurisdiction, citing the forum selection provision in the Agreement and claiming the Court lacks subject matter jurisdiction. (Filing No. 16).

## *Discussion*

### *Truth in Lending Act*

TILA, along with 12 C.F.R. § 226 *et. seq.* ("Regulation Z"), was enacted to promote "the informed use of credit" by consumers and to protect consumers from inaccurate and unfair credit card practices. 15 U.S.C. 1601(a); *see Household Credit Services, Inc. v. Pfennig,* 541 U.S. 232, 235 (2004)*; see also Fairley v. Turan-Foley Imports, Inc.*, 65 F.3d 475, 477 (5th Cir. 1995); and *Bostwick v. Cohen*, 319 F. Supp. 875, 878 (N.D. Ohio 1970).

Section 1643, titled "Liability of holder of credit card," sets forth the circumstances under which a cardholder may be liable for the unauthorized use of his or her bankcard and places caps on the cardholder's liability. 15 U.S.C. § 1643. Section 1643(b) addresses actions between a card issuer and a cardholder, placing the burden of proof on the card issuer to show charges on a credit card were authorized. § 1643(b). However, § 1643 does not recognize merchants' rights against card issuers or cardholders. As BOA and Heartland point out, various federal courts of appeals and federal district courts have determined that § 1643 of TILA applies to consumers. *See e.g. American Airlines, Inc. v. Remis Industries, Inc.*, 494 F.2d 196, 202 (2d Cir. 1974) (holding § 1643(a) applies to all credit card holders); *accord Martin v. American Express, Inc.,* 361 So. 2d 597, 600 (Ala. App. 1978) (stating Congress intended § 1643 to protect the consumer against

5

unauthorized use). Additionally, legislative history of TILA indicates that Congress enacted TILA in part to give aggrieved debtors the right to institute civil actions against creditors who failed to comply with TILA's requirements. *See* H.R. Rep. No. 90-1040 (1968), reprinted in 1968 U.S.C.C.A.N. 1962, 1976; *see also Symeonidis v. Paxton Capital Group, Inc.*, 220 F. Supp. 2d 478, 480 n.3 (D. Md. 2002) (noting TILA provides a civil right of action for violations of the Act but only to borrowers and debtors); *see also Strecker v. LaSalle Bank, N.A.,* 2004 WL 2491596 (W.D. Wis., Nov. 3, 2004) (stating TILA allows individuals to sue creditors for failure to comply with TILA's requirements).

Mangelsen has failed to cite any authority which supports its contention that TILA, and more specifically § 1643, provides relief to merchants. Based on the language of § 1643 and other provisions of TILA, as well as TILA's legislative history, I find that Mangelsen is not among the persons or entities Congress intended to protect when it enacted TILA. Section 1643 does not apply to Mangelsen because he is neither a cardholder nor a card issuer. The Court finds that Mangelsen has failed to state a claim for which relief can be granted; therefore, BOA's Motion to Dismiss is granted.

### *Supplemental Jurisdiction*

The breach-of-contract claim against Heartland is before the Court pursuant to 28 U.S.C. § 1367, which grants supplemental jurisdiction to a district court over all claims so related to the claim over which the district court has original jurisdiction that they form part of the same case or controversy. *Gregoire v. Class,* 236 F.3d 413, 419 (8th Cir. 2000). However, once a district court dismisses the claims over which it has original jurisdiction, the court has discretion whether to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). According to the United States Supreme Court, "in the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine...will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). Similarly, the Eighth Circuit has stated, "When state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law... as a matter of comity." *ACLU v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999).

The Court dismissed Mangelsen's claim against BOA for failure to state a claim for which relief can be granted, and the Court does not have original jurisdiction over the breach-of-contract claim because the amount in controversy does not exceed $75,000. 28 U.S.C. § 1332. Therefore, the Court has discretion whether to exercise supplemental jurisdiction over Mangelsen's pendent breach of contract claim against Heartland. 28 U.S.C. § 1367(c)(3). Because this matter is in the early stages of litigation, and the statute of limitations has not run on Mangelsen's breach-of-contract claim against Heartland, the Court declines to exercise supplemental jurisdiction.[3] Mangelsen's breach-of-contract claim against Heartland is dismissed without prejudice.

### *Conclusion*

Mangelsen has failed to state a claim against BOA for which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6) because TILA does not afford rights or remedies to

---

[3] The Court is mindful of the provisions in the Agreement designating New Jersey state court or the United States District Court for the District of New Jersey as the forum, and New Jersey law as the governing law for any actions arising out of or relating to the Agreement. Without ruling on the validity of these provisions, the Court notes that under either New Jersey or Nebraska law, the statute of limitations for a breach of contract claim has not run. *See* Neb. Rev. Stat. § 25-205 (2004) (creating a five year statute of limitations for breach of contract claims); *and see* N.J.Stat .Ann. § 2A:14-1 (West 2004) (setting a six year statute of limitations for breach of contract claims).

Mangelsen, a merchant.  Mangelsen's claim against BOA fails as a matter of law; therefore, BOA's Motion to Dismiss is granted.  The Court declines to exercise supplemental jurisdiction over Mangelsen's pendent breach-of-contract claim against Heartland because all federal claims have been dismissed; therefore Mangelsen's claim against Heartland is dismissed without prejudice.

For the reasons stated in this memorandum,

IT IS ORDERED:

1. Defendant Bank of America, Inc.'s Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(6) (Filing No. 17) is granted;

2. The Court declines to exercise supplemental jurisdiction over the only remaining claim in the Complaint, Plaintiff's Breach-of-Contract Claim against Defendant Heartland Payment Systems, Inc.  Accordingly, the Clerk is directed to terminate Heartland Payment Systems, Inc.'s Motion to Dismiss (Filing No. 16) for all statistical purposes; and

3. The Complaint is hereby dismissed as follows: Count I of the Complaint is dismissed with prejudice, and Count II of the Complaint is dismissed without prejudice.

DATED this 26th day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge